UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDY PITTMAN,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No: C 11-3443 SBA<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE** |

    Petitioner Brandy Pittman ("Pittman") was convicted in the United States District Court for the Western District of Washington on various federal criminal charges in two separate prosecutions in 2004 and 2009. She is presently incarcerated by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution located in Dublin, California, which lies in the Northern District of California. Venue is proper in this District. See 28 U.S.C. § 2241.

    This matter is presently before the Court on Pittman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 1. Because Pittman challenges the calculation of her sentence, as opposed its legality, the Court liberally construes the motion as a habeas petition brought under 28 U.S.C. § 2241. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DISMISSES the petition without prejudice for failure to exhaust administrative remedies.

I. **BACKGROUND**

   A. **FACTUAL SUMMARY**

In July 2004, Pittman was arrested in the state of Washington on federal drug trafficking charges. Gov. Resp. Ex. A, Dkt. 8; United States v. Pittman, Case No. CR04-05350RBL-010 (W.D. Wash.). She eventually pleaded guilty to Possession with Intent to Distribute Cocaine and Cocaine Base, and on January 20, 2006, was sentenced by the Honorable Robert Leighton in the Western District of Washington to thirty-eight months in the custody of the BOP, followed by three years of supervised release. The sentence was based on a USSG 5K1.1 downward departure from the 360-480 month Guideline range.

Pittman began her term of supervised release on April 13, 2007. Id. Ex. B. On October 28, 2008, Pittman was arrested for and later charged with assault, based on her attempt to run over a former boyfriend and his new girlfriend with her car. Pittman was sentenced to six months in the Pierce County Jail. Id. Ex. A ¶ 83.

On November 7, 2008, while she was still in custody on the assault case, Judge Leighton issued a federal arrest warrant based on supervised release violations the 2004 case, i.e., No. CR04-05350RBL-010. Melick Decl. Att. 3. On the same date, Pittman was formally arrested by Lakewood police for new theft and forgery related charges. Pittman remained in county jail from her arrest on October 28, 2008, through May 4, 2009. Id. Ex. C.

On May 4, 2009, after completing her state sentence, Pittman was transferred to federal custody to face the supervised release violations. Id. Ex. C; Melick Decl. Att. 5. Shortly thereafter, on May 20, 2009, Pittman was charged in a federal indictment filed in the Western District of Washington with bank fraud, social security fraud, and aggravated theft. United States v. Pittman, Case No. 09CR05349RBL-001. The new federal charges were based on offense conduct leading to her arrest by Lakewood police on November 7, 2008.

On February 5, 2010, the Petitioner appeared before Judge Leighton for sentencing on both the supervised release violations in the 2004 case and the new charges in the 2009

case. The court sentenced Pittman to twenty-four months on the supervised release violations and fifty-seven months in custody on the new charges, to run consecutively, for an aggregate sentence of eighty-one months. Att. 8. At Pittman's request, and over the Government's objections, Judge Leighton recommended that Pittman receive credit for the time period spanning her arrest on the theft and forgery charges by state law enforcement officials until her transfer to federal custody (i.e., November 7, 2008 to May 4, 2009). Gov. Ex. D (Reporter's Transcript) at 27:8-10, 29:10-14, Dkt. 8-4.

### B.   THE INSTANT MOTION

On January 25, 2011, Pittman filed the instant § 2255 motion in the Western District of Washington. Dkt. 1. In "Ground One," Pittman alleges that the district court erroneously sentenced her to eighty-eight months instead of eighty-one months. Mot. at 5. Since the district court, in fact, sentenced Pittman to eighty-one months, the Court liberally construes this claim as one that the BOP wrongly computed her total sentence as eighty-eight months, instead of the actual eighty-one month sentence previously imposed by the District Court.[1] "Ground Two" is entitled "S.V.R. Violation," and requests a "split sentence" which will allow her to serve one year of her sentence in a "halfway house or home confinement." Id. at 7.

Although no other claims for relief are presented, Pittman makes several other allegations elsewhere in her motion. In particular, Pittman claims that she was "confused about how it all happened" and that her "fill-in" attorney (who had replaced her previous attorney when he withdrew) provided "ineffective counsel." Id. at 11. Though not entirely clear, this complaint appears to be predicated upon the notion that the number of her criminal history points was "more then what they should have been." Id.

---

[1] The record confirms that Judge Leighton imposed a sentence of eighty-one months, which is the operative sentence indicated in the BOP's records. Gov. Ex. E, Dkt. 8-5. It appears that Pittman's contention is that the BOP's refusal to grant her credit for the approximately seven months she served in state custody is tantamount to adding seven months to her eighty-one month sentence.

The Government filed a response to the § 2255 motion, arguing that because the motion pertains the execution of the sentence—and not its legality—her claims are cognizable only in the district of confinement, i.e., the Northern District of California. Gov. Resp. at 1-2, Dkt. 8.  Alternatively, the Government argued that Pittman's claims were unripe on the ground that she had not exhausted her administrative remedies through the BOP.  Id. at 8-9.[2]

The matter was assigned to Judge Leighton.  Upon reviewing Pittman's motion, he agreed that she was challenging the BOP's calculation of her sentence, as opposed to the legality of her conviction and sentence,  and therefore, the motion should be construed under 28 U.S.C. § 2241, as opposed to § 2255.  Dkt. 9.  Because jurisdiction to consider a § 2241 petition lies in the district of incarceration, Judge Leighton transferred the action to this Court.  He did not reach the Government's alternative contention that Pittman had failed to exhaust her administrative remedies.  Upon transfer to this District, the Government filed a supplemental response to address Pittman's claim that the BOP has improperly calculated her sentence.  Dkt. 24.  Pittman did not file a response to the Government's supplemental response.  The Court therefore deems the matter fully briefed and ripe for adjudication.

## II. DISCUSSION

### A. EXHAUSTION REQUIREMENT

The salient issue presented is whether this matter is properly before the Court.  The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006).   This requirement may be waived in limited circumstances, such as when the pursuit of administrative remedies would be futile.  See

---

[2] On January 25, 2011, Pittman submitted another pro se motion, which is styled as a "Motion for Split Sentence for SVR Violation or Credit for Time Served."  Dkt. 2. The motion makes the same points as presented in Ground Two of the present motion.

Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of the exhaustion requirement may be appropriate).

The BOP has established procedures by which inmates can seek review of "an issue relating to any aspect" of an inmate's confinement. 28 C.F.R. § 542.10. These procedures apply to all inmates in programs operated by the BOP. Id. The inmate first must attempt informal resolution of the issue with prison staff. 28 C.F.R. § 542.13(a). If the inmate is unable to resolve the issue informally, the inmate must submit a written administrative appeal to the warden. 28 C.F.R. § 542.14(d). An inmate who is not satisfied with the warden's response at the institutional level may then submit an appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel of the BOP. Id.

### B. PITTMAN FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

Federal law provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). However, a district court has no authority to compute the amount of credit at the time of sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992) ("the District Court could not compute the amount of the credit at sentencing."). Rather, that responsibility rests solely with the Attorney General. United States v. Checchini, 967 F.2d 348, 349 (9th Cir. 1992). Accordingly, Pittman "must commence serving [her] sentence and exhaust [her] administrative remedies before [s]he can petition for judicial review of the Attorney General's denial (if any) of credit for time served[.]" Id.

Pittman does not dispute that she has not availed herself of any administrative remedies, as set forth above. See Melick Decl. ¶ 9. Nor does she contend that pursuing those remedies would be futile or otherwise offer any reason for being excused from such requirement. Accordingly, the Court finds that Pittman's petition should be dismissed for failure to exhaust administrative remedies. See id. (holding that the district court properly refused to grant a sentencing credit "[b]ecause the district court had no authority to act

under section 3585(b)"); Harris v. Ives, No. CV 14-750 FMO (FFM), 2014 WL 3504275, *4 (C.D. Cal. Jul. 14, 2014) (finding that a federal habeas petitioner's petition was subject to dismissal based on the failure to exhaust administrative remedies where there was no showing that the pursuit of such remedies would be futile).

Pittman's remaining claims are not cognizable in this proceeding. With regard to her request to serve part of her sentence in a halfway house or through home confinement, Pittman presents no factual or legal reason why such relief in appropriate. Although pro se pleadings are to be liberally construed, the Court cannot develop arguments for her. See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants.").

As for the assertion that "fill in" counsel was ineffective, Pittman fails to present sufficient facts to show either that that counsel's representation fell below an objective standard of reasonableness or she was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). In addition, given that the underlying convictions are based on a plea agreement which contains a waiver of appeal, the only ineffective assistance of counsel claim available to her is one that challenges the voluntariness of the plea or the waiver. See Wash. v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Pittman makes neither type of claim.[3]

## III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Pittman's § 2255 motion, which is construed as a petition under 28 U.S.C. § 2241, is DISMISSED without prejudice to her filing a new petition which names the warden of the facility where she is housed as a respondent, after

---

[3] That aside, a claim for ineffective assistance pertains to the legality, not the execution of the sentence, and therefore, should be presented to the sentencing court. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

1 exhausting the BOP's administrative appeals process.[4]  The Clerk shall close the file and
2 terminate any pending matters.
3     IT IS SO ORDERED.
4 Dated: 9/3/14

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).